UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JEREMY COURTNEY,

                                Plaintiff,

      -against-

CITY OF NEW YORK, MARC D. LEONARD, Individually,
JAMES HEMMER, Individually, JOSEPH DIFORTE,
Individually, and JOHN AND JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

15 CV 5635
(AMD) (JO)

<u>Jury Trial Demanded</u>

Plaintiff JEREMY COURTNEY, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## **JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JEREMY COURTNEY is a thirty-eight-year-old American citizen residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MARC D. LEONARD, JAMES HEMMER, JOSEPH DIFORTE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On August 21, 2014 at approximately 2:00 p.m., plaintiff JEREMY COURTNEY was lawfully present in his apartment located at 518 77th Street, Apt. 2f, Brooklyn, New York, when three NYPD officers, defendants MARC D. LEONARD, JAMES HEMMER, and JOSEPH DIFORTE, knocked on his door.

13. Plaintiff answered the door and indicated that because he had a dog in the apartment, he would step into the hallway to speak to the officers.

14. As plaintiff stepped into the hallway, defendant officers LEONARD, HEMMER, and DIFORTE proceeded to physically accost plaintiff without cause or justification.

15. One of the defendant officers grabbed plaintiff's right hand and placed plaintiff in a headlock.

16. A second defendant officer then grabbed plaintiff's left arm, and along with the first defendant officer, took plaintiff to the ground.

17. Once plaintiff was on the ground, still in a headlock with his arms held behind his back, the third defendant officer kicked plaintiff in the left side of his face.

18. While plaintiff remained on the ground, the defendant officer who kicked plaintiff in the face struck plaintiff in the left side of his ribs with his foot, causing him further pain.

19. Plaintiff was then placed in handcuffs and lifted off the ground.

20. The defendant officers thereafter brought plaintiff back into his apartment for approximately one minute before escorting plaintiff back into the hallway and down a flight of stairs.

21. As plaintiff was being escorted out the building, the defendant officer who had

kicked plaintiff in the face slammed plaintiff against a wall in the hallway, and intentionally tightened plaintiff's handcuffs, causing plaintiff to suffer further unnecessary pain.

22. The defendant officers spoke discourteously to plaintiff throughout the incident

23. At no time did plaintiff resist arrest, threaten the safety of the officers or others, or engage in any conduct which justified the above described use of force and abuse of authority.

24. Defendants LEONARD, HEMMER, and DIFORTE removed plaintiff from the building and transported plaintiff to the 68th Police Precinct in police custody.

25. Plaintiff was thereafter transported to Lutheran Medical Center, where he received treatment in the emergency room, and was diagnosed with injuries to his nose and head including, without limitation, comminuted nasal bone fractures to the lateral wall and nasal septum, soft tissue opacification within the anterior right nasal, scattered mucosal thickening of the ethmoidal sinuses, tiny punctate foci of hyperdensity within the right subfrontal region, and prefrontal soft tissue swelling.

26. Plaintiff remained in police custody and was eventually transported to Kings County Central Booking pending his arraignment on criminal charges.

27. Plaintiff was thereafter arraigned on August 22, 2014 in Kings County Criminal Court under docket number 2014KN063911, based on false allegations created by defendants and sworn to and signed by defendant LEONARD, and which contained manufactured and false allegations that plaintiff had resisted arrest by folding his arms and tucking his arms under his body while he was on the ground, and that plaintiff had further kicked and moved around while on the ground.

28. In addition, defendant LEONARD also falsely swore that while attempting to take plaintiff into custody, plaintiff resisted arrest "by flailing his arms and refusing to place his arms

around his back and be handcuffed", and that during the alleged struggle, plaintiff "did fall to the ground causing injury to his head."

29. The aforementioned false allegations contained in paragraphs 27 and 28 were forwarded to prosecutors by defendant LEONARD to cover up the above described acts of brutality and abuse of authority, to otherwise avoid punishment for said acts of brutality by the NYPD or other investigative bodies, and/or for other unlawful or collateral objectives outside the ends of justice.

30. As a result of LEONARD's false and manufactured allegations, plaintiff was arraigned on a false charge of violating Penal Law Section 205.40, Resisting Arrest.

31. At his arraignment, all the charges lodged against plaintiff, including the resisting arrest charge, were adjourned in contemplation of dismissal and have since been fully dismissed and sealed.

32. Defendants LEONARD, HEMMER, and DIFORTE either directly participated in the above-described illegal acts or failed to intervene to stop them, despite being present throughout the incident and otherwise aware of the illegal acts described herein and possessing a meaningful opportunity to intervene.

33. Defendants JOHN and/or JANE DOE 1 through 10 are officers and/or supervisors who were aware of, approved of, or otherwise participated in and/or failed to report or intervene in the above acts of misconduct.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of employing excessive force, of falsification, of lax investigations of police

misconduct, and of covering up abuse by fellow officers.

35. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

36. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

37. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39. All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff JEREMY COURTNEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiff JEREMY COURTNEY sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendants Leonard, Hemmer, and Diforte

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. The level of force employed by defendants LEONARD, HEMMER, and DIFORTE was excessive, objectively unreasonable and otherwise in violation of plaintiff JEREMY COURTNEY'S constitutional rights.

46. As a result of the aforementioned conduct of defendants, plaintiff JEREMY COURTNEY was subjected to excessive force and sustained serious physical injuries and

emotional distress.

47. As a result of the foregoing, plaintiff JEREMY COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Leonard)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendant LEONARD created false evidence against plaintiff JEREMY COURTNEY.

50. Defendant LEONARD utilized this false evidence against plaintiff JEREMY COURTNEY in legal proceedings.

51. As a result of defendant LEONARD's creation and use of false evidence, plaintiff JEREMY COURTNEY suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

52. As a result of the foregoing, plaintiff JEREMY COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendants Leonard, Hemmer, and Diforte and John and/or Jane Doe 1 through 10)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants had an affirmative duty to intervene on behalf of plaintiff JEREMY COURTNEY, whose constitutional rights were being violated in their presence by other officers.

55. The defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiff JEREMY COURTNEY was subjected to excessive force and he was denied his right to fair trial.

57. As a result of the foregoing, plaintiff JEREMY COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against John or Jane Doe Defendants)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60. As a result of the foregoing, plaintiff JEREMY COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, employing excessive force, falsification of evidence, lax investigations of police misconduct, and covering up abuse by fellow officers. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JEREMY COURTNEY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JEREMY COURTNEY.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JEREMY COURTNEY as alleged

herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JEREMY COURTNEY as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JEREMY COURTNEY was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JEREMY COURTNEY'S constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff JEREMY COURTNEY of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. Not to be denied his right to fair trial; and

    C. To be free from the failure to intervene.

70. As a result of the foregoing, plaintiff JEREMY COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff JEREMY COURTNEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)　full and fair compensatory damages in an amount to be determined by a jury;

(B)　punitive damages against the individual defendants in an amount to be determined by a jury;

(C)　reasonable attorneys' fees and the costs and disbursements of this action; and

(D)　such other and further relief as appears just and proper.

Dated:　Brooklyn, New York
　　　　February 18, 2016

　　　　　　　　　　　　　　　　BRETT H. KLEIN, ESQ., PLLC
　　　　　　　　　　　　　　　　Attorneys for Plaintiff JEREMY COURTNEY
　　　　　　　　　　　　　　　　305 Broadway, Suite 600
　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　(212) 335-0132

　　　　　　　　　　　　　　　　By:　　_s/ Brett H. Klein_____
　　　　　　　　　　　　　　　　　　　BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JEREMY COURTNEY,

                                    Plaintiff,

                                                                                               15 CV 5635

              -against-                                                   (AMD) (JO)

CITY OF NEW YORK, MARC D. LEONARD, Individually,
JAMES HEMMER, Individually, JOSEPH DIFORTE,
Individually, and JOHN AND JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132